UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | DOCKET NO. 18-cr-158 |
| | * | |
| VS | * | SECTION: "J" |
| | * | |
| BRIDGET LAMBERT | * | |

## UNOPPOSED MOTION TO AMEND JUDGMENT

NOW INTO COURT comes defendant, Bridget Lambert, through undersigned counsel, who respectfully requests that this Honorable Court amend its Judgment in accordance with U.S.S.G. 5K2.23 in order that defendant may receive the time she has already served since June 30, 2016. Reasons are as follows:

### BACKGROUND

1.

On October 17, 2019, the Court entered a judgment against the defendant, Bridget Lambert. On that date, the Court committed the defendant to a term of 48 months with the Federal Bureau of Prisons (BOP) for a violation of 18 U.S.C.§ 371 (Forced Labor Conspiracy). The Court's written judgment, issued on October 21, 2019, as to the defendant's imprisonment states as follows:

> 48 months. The term of imprisonment imposed by this judgment shall run concurrently to any term of imprisonment that may be imposed on the defendant under 21st Judicial District Court, Tangipahoa Parish, Louisiana, Dkt. #1602073.,with credit for time served from June 30, 2016.

2.

In addition to the term of imprisonment, the Court, among other things, sentenced the defendant to pay restitution to the victim, ordered her to complete 3 years of supervised release on her release from prison, and ordered that she abide by several special conditions of supervised release.

3.

A few days after the defendant's sentencing hearing, the United States Marshals Office for the Eastern District of Louisiana (U.S. Marshals Office) forwarded the appropriate sentencing documents, including but not limited to the Court's written judgment, statement of reasons, and a memorandum related to the defendant's transfer to federal custody, to the BOP in order that the defendant's time calculation and appropriate prison designation could be determined.

4.

On Thursday, October 24, 2019, a BOP official informed the U.S. Marshals Office that the defendant would not be awarded the credit for time served that was set forth in the Court's written judgment nor would her federal sentence be run concurrent with her state sentence. The reason stated for the determination was the state sentence was already "completed" at the time the defendant's federal sentence was imposed.[1]

---

[1] On June 30, 2016, the defendant was arrested by Louisiana state authorities and soon thereafter charged with various state crimes related to the mistreatment of victim, D.P. She has been in continuous custody since that date. During the pendency of the state case, the defendant was transferred to federal custody by agreement between the government attorneys and the Tangipahoa Parish District Attorney's Office. On January 14, 2019, the defendant, while in federal custody, pled guilty to one count of Cruelty to the Infirmed and received a 5 year term of imprisonment with the Louisiana Department of Corrections (LADOC), with all but 3 years of imprisonment suspended. In addition, the state court placed the defendant on 3 years of active probation upon her release from prison. As such, the defendant is still obligated vis-à-vis her sentence to the LADOC until 2023.

5.

Given the defendant's specific sentencing request to receive credit for time served since her arrest on June 30, 2016, the government's consent to that position due to the related conduct of the federal and state crimes pursuant to U.S.S.G 5G1.3, and ultimately, the Court's written judgment that such specific credit would be awarded to the defendant, undersigned counsel immediately requested clarification from the BOP via the U.S. Marshals Office. After forwarding undersigned counsel's clarification request to a BOP calculation and designation official, the U.S. Marshals Office received the following email response as to how the written judgment of imprisonment could be amended to allow for the defendant to receive credit for time already served:

> 48 months. In accordance with USSG 5k2.23, the court recommends that the BOP adjust the term for the period of imprisonment already served from June 30, 2016 through August 5, 2019, in the Louisiana Department of Correction, Tangipahoa Parish, DKT. No#1602073.

6.

Other than the amendment language provided above, which includes the total term of defendant's state imprisonment (i.e. June 30, 2016 to August 5, 2019), the BOP official offered no other guidance.

## LAW

7.

The guideline provision mentioned above, states the following in in its entirety:

> **§5K2.23. Discharged Terms of Imprisonment (Policy Statement)** A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that

completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

8.

In *United States v. Hankton*, 875 F.3d 786 (5th Cir. 2017), the 5th Circuit discussed the current machinations of U.S.S.G 5K2.23 and 5G1.3(b). According to *Hankton*, sentencing courts retain residual authority to reduce defendants' sentences based on previous time served related to their offenses. U.S.S.G. § 5G1.3(b) permits a court to adjust a sentence if a defendant has served time on an undischarged term. For the adjustment to apply, two criteria must be met: (1) the time previously served must have "resulted from another offense that is relevant conduct to the instant offense of conviction," and (2) the court must "determine[ ] that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." U.S.S.G. § 5G1.3(b). The commentary to § 5G1.3(b) also cross-references § 5K2.23, which recommends nearly identical protection for discharged terms. See U.S.S.G. § 5G1.3 cmt. n.5; see also U.S.S.G. § 5K2.23 (advising that a downward departure may be appropriate when the defendant (1) has completed serving a term of imprisonment and (2) if subsection (b) of § 5G1.3 would have been otherwise satisfied). The primary difference is that § 5K2.23 permits a court to downwardly depart, rather than adjust, the defendant's sentence. See *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1338–39 (11th Cir. 2017) (per curiam) (identifying differences). But between §§ 5G1.3 and 5K2.23, courts have the authority to reduce a defendant's sentence for any previous time served on related charges whenever the BOP will not grant that credit. See *United States v. Hankton*, 875 F.3d 786 (5th Cir. 2017).

9.

Although it appears neither the defendant, the government nor the Court at sentencing contemplated the "completed" nature of the defendant's state sentence with respect to the credit for time served issue, it is clear from the sentencing proceeding on October 17, 2019 and the Court's written judgment thereafter, that the defendant was to be granted the time she has already served (both state and federal) toward the calculation and satisfaction of her federal sentence.

10.

Given the obvious ends to be achieved by the Court's written judgment and the Court's stated intention to apply defendant's time served to the calculation of her federal sentence, defendant herein respectfully requests, pursuant to U.S.S.G. 5K2.23, that the Court amend its written judgment so those ends and intent may be met. Specifically, the defendant requests that the Court amend the written judgment of imprisonment dated October 21, 2019 to reflect the language recommended (or something similar thereto) by the BOP official so that the defendant may be awarded the time already served since her arrest on June 30, 2016.

11.

Assistant U.S. Attorney, Julia Evans, has no opposition to this motion.

WHEREFORE, the defendant, Bridget Lambert, respectfully moves that this Honorable Court grant the *Unopposed Motion to Amend Judgment*.

Respectfully Submitted,

/s/ Dylan C. Utley
Dylan C. Utley, #27894
DiGiulio Utley, LLC
K&B Plaza
1055 St. Charles Ave.
Suite 208
New Orleans, LA 70130
(504) 524-4080
(504) 571-5437 facsimile
(504) 812-8490 mobile
dylan@dylanutley.com

**COUNSEL FOR,
BRIDGET LAMBERT**

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing *Unopposed Motion to Amend Judgment* was served on Assistant United States Attorney, Julia Evans, via the CM/ECF system, this 28th day of October 2019.

/s/ Dylan C. Utley
DYLAN C. UTLEY